UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF PHILADELPHIA,

                Plaintiff,

      -against-

AISHA ASHA BRADLEY,

                Defendant.

24-CV-7706 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On October 3, 2024, Defendant Aisha Bradley, who is appearing *pro se*, removed this 2023 civil tax action, which had been pending in the Court of Common Pleas of Philadelphia County ("Court of Common Pleas") under Case No. 2305T0156. By order dated October 15, 2024, the Court held that removal was improper and remanded this matter, under 28 U.S.C. § 1447(c), to the Court of Common Pleas.

On October 30, 2024, after the action under this docket number was closed, Defendant filed an application to proceed *in forma pauperis* and a notice of appeal from the remand order.[1] Defendant thereafter filed five post-remand applications: (1) a "Notice of Motion Petition for Removal" suggesting that there are conflict-of-interest issues because she has brought suits against, among others, state and federal judges in Pennsylvania (ECF 23); (2) a "Notice of Motion Petition for Transfer" on the same grounds (ECF 24), (3) a Notice of Motion for Reconsideration, seeking reconsideration of the remand order (ECF 25), (4) a "Notice of Motion," seeking "to bring her cases out of the Common Pleas Court of Philadelphia" (ECF 26); and (5) a "Motion to Supplement," in which she indicates that, although she is not a plaintiff in

---

[1] By separate order, the Court granted Defendant's motion to proceed *in forma pauperis*.

this civil tax matter related to real property, after this matter was remanded to state court, she attempted to join federal judges as defendants (ECF 27).

The Court construes all five submissions as a motion for reconsideration, under Local Civil Rule 6.3, of the October 15, 2024 order remanding this matter to state court. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that federal district courts must construe *pro se* documents liberally). For the reasons set forth below, the Court denies the motion.

## DISCUSSION

The removal statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). Section 1447(d) of the removal statute "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (citation and internal quotation marks omitted).

The Supreme Court of the United States has held that Section 1447(d) "must be read *in pari materia* with [28 U.S.C.] § 1447(c), thus limiting the remands barred from appellate review by [Section] 1447(d) to those that are based on a ground specified in [Section] 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). Thus, where a party seeks review of a remand order, the order is "immune from review under [Section] 1447(d) if it was 'issued under [Section] 1447(c) [grounds].'" *Shapiro*, 412 F.3d at 310.

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Section 1447(c) further states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Thus, the grounds for remand specified in Section 1447(c) are "a timely raised defect [other than subject matter jurisdiction] or . . . lack of subject-matter jurisdiction

2

[whenever made]." *Shapiro*, 412 F.3d at 310. Once a district court mails a remand order based on such Section 1447(c) grounds, "federal jurisdiction is at an end." *Id.* at 312 ("[S]ection 1447(d) divests the district court of jurisdiction upon mailing of a remand order *based on [S]ection 1447(c) grounds* to state court." *Id.* (emphasis in the original)).

Here, the Court invoked Section 1447(c), and remanded this action to the Court of Common Pleas on the grounds that: (1) removal was untimely; (2) removal of an action pending in Philadelphia to the Southern District of New York was improper; and (3) the Court lacked subject matter jurisdiction of this civil tax action involving real property (and that Defendant's federal defenses, cross-claims, or counterclaims could not create federal subject matter jurisdiction). The remand order was mailed out on October 15, 2024, thereby ending federal jurisdiction of this matter. *Shapiro*, 412 F.3d at 312. Accordingly, because the Court remanded this matter on Section 1447(c) grounds, Section 1447(d) applies and precludes review of Defendant's motion for reconsideration.[2] The Court therefore denies the motion seeking reconsideration of the October 15, 2024 remand order. (ECF 23-26.)

## CONCLUSION

The Court construes Defendant's applications (ECF 23-27) as a motion for reconsideration under Local Civil Rule 6.3 and denies it. *See* 28 U.S.C. § 1447(c), (d).

The Court directs the Clerk of Court to terminate all pending motions in this action and not to accept any further submissions in the closed action under this docket number, with the exception of documents directed to the Court of Appeals.

---

[2] Defendant also has not made any sufficient argument that removal of her state court action pending in Philadelphia, Pennsylvania, to this court was proper.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 13, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge